UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL LUDVICEK;<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS LLC, AND UNITED STATES CELLULAR CORPORATION;<br><br>    Defendants. | Civil Action No. 3:21-CV-01292-M<br><br><br>AMENDED COMPLAINT<br><br><br>DEMAND FOR JURY TRIAL |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff Michael Ludvicek ("Plaintiff"), by and through his attorneys, the JAFFER & ASSOCIATES, PLLC, and files this *AMENDED COMPLAINT* against Defendants Jefferson Capital Systems, LLC ("JCAP" or "Jefferson") and US Cellular Management Company LP ("USCC"), collectively referred to hereinafter as ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against Jefferson.

2. Plaintiff brings a claim for violations of the Texas Debt Collection Act Section 392.101 and Section 392.304 et seq., ("the TDCA") for actual and statutory damages, costs, and reasonable attorney's fees against Defendants.

3. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 169.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2), being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES AND SERVICE

5. Plaintiff is a natural person residing in Dallas County, Texas.

6. Plaintiff is allegedly obligated to pay a "Consumer Debt" in the amount of $734.00

7. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt. Plaintiff is also a "Consumer" under 15 U.S.C. § 1692(a)(3), the *Fair Debt Collection Practices Act* or "FDCPA".

8. The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As this term is defined under the Tex. Fin. Code Ann. § 392.001(2) and 15 U.S.C. § 1692(a)(5).

9. Defendant JACP is a debt collector as defined under 15 USC §1692(a)(6) and Tex. Fin. Code § 392.001(6); 392.001(7).

10. Defendant JCAP is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

11. Defendant JCAP is a Third-Party Debt Collector as defined under Tex. Fin. Code Ann. § 392.001(7) because Defendant has engaged in direct or indirect debt collection against the Plaintiff in Texas.

12. Defendant JCAP may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers INCO, at 211 E. 7th Street Suite 620, Austin, Texas 78701.

13. Defendant USCC is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

14. Defendant USCC has engaged in "debt collection" as defined by Tex. Fin. Code Ann. §

392.001(5).

15. Defendant USCC is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Suite 700, Chicago, Illinois 60631.  US Cellular can be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., a Delaware corporation at its Texas Branch, through Prentice-Hall Corporation System, Inc.'s registered agent, Corporation Service Company d/b/a CSC-Lawyers INCO, at 211 E. 7th Street Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

16. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

17. Defendant USCC has been reporting on Plaintiff's credit report showing an alleged debt with an outstanding balance "Account" despite the Plaintiff having no active account with the Defendant USCC in the last seven (7) years.

18. 18. On or about April 13, 2021, Plaintiff disputed the account through the credit reporting agency TransUnion.

19. 19. Plaintiff has previously disputed to Defendant USCC and other third-party debt collectors before JCAP attempted to collect the alleged debt on the Account.

20. It is believed and therefore averred Defendant USCC was noticed of Plaintiff's dispute to TransUnion.

21. Defendant JCAP has reported an outstanding balance of $734 on Plaintiff's credit report when no such account existed. The said amount is incorrect and/or inaccurate. See attached a copy of the Credit Report as Exhibit A.

22. Defendant JCAP has attempted to collect an unauthorized amount from Plaintiff and as

such has violated the FDCPA and TDCA.

23. Defendant USCC has attempted to collect an unauthorized amount from Plaintiff and as such has violated the TDCA.

24. As a result of Defendant JCAP's conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress, disturbance to his daily routine, damage to Plaintiff's reputation, and monetary loss including, but not limited to, postage, and hours spent attempting to correct this error.

25. As a result of Defendant USCC's conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress, disturbance to his daily routine, damage to Plaintiff's reputation, and monetary loss including, but not limited to, postage, and hours spent attempting to correct this error.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.* as to JCAP

26. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

27. JCAP's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

28. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (2) The false representation of the character, amount, or legal status of any debt;
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

29. For the aforementioned-reasons, JCAP has violated §§1692(e).

30. Section §1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

> (1) The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. For the aforementioned-reasons, JCAP has violated §§1692(f).

32. For these reasons, JCAP has violated the FDCPA.

33. For these reasons, JCAP is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.* as to JCAP

34. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

35. JCAP's debt collection efforts against Plaintiff violates the TDCA.

36. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

> (a) misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304(8); and
>
> (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

37. For the aforementioned-reasons, JCAP violated the TDCA.

38. For these reasons, JCAP is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
Tex. Fin. Code Ann. §392 *et seq*. as to USCC

39. Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

40. USCC's debt collection efforts against Plaintiff violates the TDCA.

41. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

> (a) misrepresenting the character, extent, or amount of a consumer debt. Tex. Fin. Code Ann. §392.304(8); and
>
> (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

42. For the aforementioned-reasons, USCC violated the TDCA.

43. For these reasons, USCC is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

1. Awarding Plaintiff statutory damages up to $1,000 under the FDCPA against Defendant JCAP;

2. Awarding Plaintiff actual damages under the FDCPA against Defendant JCAP;

3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA against Defendant JCAP;

4. Awarding Plaintiff statutory damages not less than $100 under the TDCA against Defendant JCAP and Defendant USCC;

5. Awarding Plaintiff actual damages under the TDCA from Defendant against Defendant JCAP and Defendant USCC;

6. Awarding Plaintiff injunctive relief under the TDCA from Defendant against Defendant JCAP and Defendant USCC;

7. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the TDCA against Defendant JCAP and Defendant USCC; and

8. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: January 31, 2022                                  Respectfully Submitted,

**JAFFER & ASSOCIATES, PLLC**

/s/ *Allen Robertson*          .
Allen Robertson
Texas Bar No. 24076655
Shawn Jaffer
Texas Bar No. 24107817
Robert Leach
Texas Bar No. 24103582
15851 Dallas Pkwy Ste 600
Addison, TX 75001
Phone: 214-494-1871
Fax: 888-509-3910
E-mail: attorneys@jaffer.law

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31th day of January, 2022, a copy of foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record

Charles R. Penot, Jr.
TX Bar No. 24062455
SESSIONS, ISRAEL & SHARTLE, LLC
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3009
Facsimile: (214) 741-3098
Email: cpenot@sessions.legal

Dayle M. Van Hoose
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2460
Facsimile: (877) 334-0661
Email: dvanhoose@sessions.legal

***ATTORNEYS FOR DEFENDANT,***
***JEFFERSON CAPITAL SYSTEMS, LLC***

                                           */s/ Allen Robertson*
                                           Allen Robertson